**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SBC COMMUNICATIONS, INC. and MARILYN MOOMAU,<br><br>　　　　Defendants.<br>_____ / | No. C-05-3147 MMC<br><br>**ORDER DECLINING TO RETAIN SUPPLEMENTAL JURISDICTION OVER REMAINING STATE LAW CLAIMS AND REMANDING ACTION** |

　　　　The above-titled action was removed to federal court on August 3, 2005 on the basis of federal question jurisdiction. The notice of removal contains no allegation of diversity jurisdiction and, indeed, the complaint alleges that both plaintiff and defendant Marilyn Moomau are residents of San Francisco. (See Compl. ¶¶ 1, 6.)

　　　　On September 2, 2005, the parties electronically filed a stipulation of dismissal of the two federal causes of action, noting that the stipulation was "without prejudice to the right by Defendants SBC Communications, Inc. and Marilyn Moomau to oppose any Motion for Remand by Plaintiff." (See Stipulation of Dismissal at 2.) On the same date, the parties electronically filed a separate stipulation extending the time for plaintiff to file a motion for remand. The action was reassigned to the undersigned on September 20, 2005.

　　　　No motion to remand is necessary. As a result of the parties' stipulation of

dismissal, no federal claim remains in the action.  Pursuant to 28 U.S.C. § 1367(c)(3), where jurisdiction is based on a federal question, the district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction.  See 28 U.S.C. § 1367(c)(3).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988).

      Accordingly, the Court hereby DECLINES to exercise supplemental jurisdiction over plaintiff's remaining state law claims, and hereby REMANDS the action to the Superior Court for the City and County of San Francisco.

      The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 21, 2005

MAXINE M. CHESNEY
United States District Judge